■ U.S. BANK NATIONAL ASSOCIATION, Plaintiff, and SYNCORA GUARANTEE INC. et al., Appellants, v GREENPOINT MORTGAGE FUNDING, INC., Respondent. [965 NYS2d 401]—

Judgment, Supreme Court, New York County (Bernard J. Fried, J.), entered April 4, 2012, severing and dismissing plaintiffs-appellants' (plaintiffs) claims against defendant, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered February 28, 2012, which, to the extent appealed from, denied plaintiffs' motion for leave to amend and/or replead and file a third amended complaint, unanimously dismissed, without costs as subsumed in the appeal from the judgment.

Plaintiffs monoline insurers brought claims alleging that defendant, the originator of residential mortgage loans packaged for resale as residential mortgage-backed securities, breached

its warranties and representations made in agreements for the sale of loans that were the collateral in a $1.83 billion securitization transaction.

The insurers, nonparties to the loan sale agreements, lacked standing to bring the claims directly, and given the absence of any clear language on the face of the loan sale agreements evincing an intent to benefit third parties, the insurers failed to allege facts sufficient to sustain the claim that the agreements were intended to give them third-party benefits (*see LaSalle Natl. Bank v Ernst & Young*, 285 AD2d 101, 108-109 [1st Dept 2001]). The absence of any clear language on the face of the sale agreements regarding any third-party beneficiary rights precludes reliance on subsequent documents to raise an issue of fact (*id.*). Further, the insurers never argued before the motion court that they had standing to sue defendant for breach of other agreements related to the securitization, and we decline to consider the issue.

The order holding that the insurers could not assert claims against defendant for breach of the loan sale agreements because they were neither parties to the agreements nor intended third-party beneficiaries was final and on the merits, and the court properly denied their subsequent motion for leave to file an amended complaint asserting claims for breach of other securitization-related agreements. Under New York's transactional approach to the doctrine of res judicata, once a claim is brought to a final conclusion on the merits, "all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*Matter of Hunter*, 4 NY3d 260, 269 [2005] [internal quotation marks omitted]). Concur—Tom, J.P., Acosta, Román, Feinman and Clark, JJ.